**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **DATREC, LLC,** )<br>    **Plaintiff,** )<br>     ) <br>**v.** ) <br>     ) <br>**AMD GLOBAL TELEMEDICINE, INC.** ) <br>    **Defendant.** ) | **Civil Action No. 6:21-cv-01156-ADA**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

DatRec, LLC ("DatRec") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 8,381,309 ("the '309 patent") (referred to as the "Patent-in-Suit") by AMD Global Telemedicine, Inc. ("AMD").

### I. THE PARTIES

1. Plaintiff DatRec is a Texas Limited Liability Company with its principal place of business located in Harris County, Texas.

2. On information and belief, AMD is a corporation existing under the laws of the State of Delware, with a regular and established place of business located at 7171 Southwest Parkway, Austin, Texas 78735. On information and belief, AMD sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. AMD, Inc. may be served throught its registered agent Corporate Filing Solutions, LLC,  8 The Green, Ste C, Dover, DE 19901 or wherever they may be found.

## II. JURISDICTION AND VENUE

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

## III. INFRINGEMENT

### A. Infringement of the '309 Patent

6. On February 9, 2013, U.S. Patent No. 8,381,309 ("the '309 patent", attached as Exhibit A) entitled "Method and System for Ecure Communiocation Over a Public Network" was duly and legally issued by the U.S. Patent and Trademark Office. DatRec, LLC owns the '309 patent by assignment.

7. The '309 patent relates to a novel and improved system for secure communication over a public network.

8. AMD maintains, operates, and administers electronic health records ("EHR") through its website at www.AMD.com, and other sources, that infringe one or more claims of the '309 patent, including one or more of claims 1-17, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '309 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9. Support for the allegations of infringement may be found in the following preliminary table:

| **US8381309 B2** | **AMD Global Telemedicine: AGNES Vitals Connect™** |
|---|---|
| 9. A system for enabling communication between users over a communication network, the system comprising; | <br><https://amdtelemedicine.com/><br><br>AMD Global Telemedicine: AGNES Vitals Connect™ has a system for enablingcommunication between users over a communication network.<br><br>The reference includes subject matter disclosed by the claims of the patent afterthe priority date. |

| US8381309 B2 | AMD Global Telemedicine: AGNES Vitals Connect™ |
|---|---|
| a server system associated with a database comprising verified data relating an individual, said server system being configured and operable to verify at least some of the data so as to authenticate an identity of the individual; | ### EHR Connectivity Ensures Quality of Data Captured 

Take, capture and record vitals in less than 2 minutes! Vitals can easily be captured and collected at bedside using a single user login, and then automatically transferred to PointClickCare®. Direct integration into your EHR eliminates errors that commonly occur with handwritten transcription of vitals.

### Scalable to Telehealth Applications

The AGNES Vitals Connect™ is scalable to meet your basic virtual visit needs. Additional telehealth capabilities can be added, such as video conferencing and integrating more medical devices.

<https://amdtelemedicine.com/wp-content/uploads/2021/03/AMD_AGNESVitalsConnect_Brochure.pdf>

The reference describes a server system associated with a database comprising verified data relating an individual, said server system being configured and operable to verify at least some of the data so as to authenticate an identity of the individual. |

| US8381309 B2 | AMD Global Telemedicine: AGNES Vitals Connect™ |
|---|---|
| determining a level of reliability in authenticity based on correspondence between data on said individual entered by a plurality of related individuals; and | ### EHR Connectivity Ensures Quality of Data Captured 

Take, capture and record vitals in less than 2 minutes! Vitals can easily be captured and collected at bedside using a single user login, and then automatically transferred to PointClickCare®. Direct integration into your EHR eliminates errors that commonly occur with handwritten transcription of vitals.

### Scalable to Telehealth Applications

The AGNES Vitals Connect™ is scalable to meet your basic virtual visit needs. Additional telehealth capabilities can be added, such as video conferencing and integrating more medical devices.

<https://amdtelemedicine.com/wp-content/uploads/2021/03/AMD_AGNESVitalsConnect_Brochure.pdf>

The reference describes determining a level of reliability in authenticity based on correspondence between data on said individual entered by a plurality of related individuals. |

| US8381309 B2 | AMD Global Telemedicine: AGNES Vitals Connect™ |
|---|---|
| the system being configured to define one or more levels of permitted communication between individuals in the database and the verified individual on the basis of said verification. | **Saves Time and Improves Accuracy**<br><br>AGNES Vitals Connect™ addresses the #1 challenge reported by 54% of skilled nursing facilities – staffing resources. The AGNES Vitals Connect™ platform automates and streamlines the capture, collection and documentation of gathering your patients' vitals.<br><br>• Reduces total time of capture to document from 5 minutes to 2 minutes/patient<br><br>• Provides staff more time to spend on direct patient care.<br><br>• Ensures accurate and timely patient vital information.<br><br>The AGNES Vitals Connect™ is scalable to meet your basic virtual visit needs. Additional telehealth capabilities can be added, such as video conferencing and integrating more medical devices.<br><br><https://amdtelemedicine.com/wp-content/uploads/2021/03/AMD_AGNESVitalsConnect_Brochure.pdf><br><br>The reference describes the system being configured to define one or more levels of permitted communication between individuals in the database and the verified individual on the basis of said verification. |

These allegations of infringement are preliminary and are therefore subject to change.

10. AMD has and continues to induce infringement. AMD has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., EHR) and related services that provide question and answer services across the Internet such as to cause infringement

of one or more of claims 1–17 of the '309 patent, literally or under the doctrine of equivalents. Moreover, AMD has known of the '309 patent and the technology underlying it from at least the date of issuance of the patent.

11. AMD has and continues to contributorily infringe. AMD has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., EHR) and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1–17 of the '309 patent, literally or under the doctrine of equivalents. Moreover, AMD has known of the '309 patent and the technology underlying it from at least the date of issuance of the patent.

12. AMD has caused and will continue to cause DatRec damage by direct and indirect infringement of (including inducing infringement of) the claims of the '309 patent.

### IV. JURY DEMAND

DatRec hereby requests a trial by jury on issues so triable by right.

### V. PRAYER FOR RELIEF

WHEREFORE, DatRec prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '309 patent;

b. award DatRec damages in an amount sufficient to compensate it for Defendant's infringement of the '309 patent in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award DatRec an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award DatRec its attorneys' fees, expenses, and costs incurred in this action;

e. declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g. award DatRec such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Ramey & Schwaller, LLP**

_____
William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for DatRec, LLC***